UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Derek Mortland, Individually**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:18-cv-01067-JFC |
| v. | ) | |
| | ) | |
| **Omni Pittsburgh Corporation,** a Delaware corporation for profit, | ) | Chief Judge Joy Flowers Conti |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

**AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Amended Complaint against Defendant **OMNI PITTSBURGH CORPORATION**, a Delaware corporation for profit for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1.      This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.      The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.    Venue is proper in the Western District of Pennsylvania as venue lies in the judicial district of the property *situs*.  The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.    Plaintiff, Derek Mortland  ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.    Defendant **OMNI PITTSBURGH CORPORATION** operates and owns an Omni William Penn Hotel located at 530 William Penn Pl, Pittsburgh, PA 15219 in Allegheny County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6.    Upon information and belief, the facilities owned by **OMNI PITTSBURGH CORPORATION** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7.    Plaintiff is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life

2

activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8.    Plaintiff is a race car enthusiast, as well as National Auto Sport Association (NASA) time trials driver and National Auto Sport Association driving instructor for the NASA Great Lakes Region.  Mr. Mortland has been driving and instructing two to three times annually (and in some seasons more) at Pittsburgh International Race Complex (PittRace) located in Wampum, PA every year since 2013 when he personally set a time trials track record on their old track.  He will next drive and instruct at PittRace on July 19-21, 2019.

9.    When Mr. Mortland drives and instructs at PittRace he has made a practice of he and his wife, Bobbi, spending an extra day and visiting the city where they have developed many favorite destinations they frequent including specifically The Andy Warhol Museum, Bicycle Heaven, the Cathedral of Learning, The National Aviary, the Carnegie Museum of Natural History, and the Duquesne Incline.

10.    Derek Mortland is also a Pittsburgh Steelers and Pittsburgh Pirates fan and attended one Pittsburgh Pirates baseball game in the 2018 season.

11.    In addition to his many repeated and frequent trips to Pittsburgh for the National Auto Sport Association and leisure, plaintiff is a professional employed in the ADA facility access and Independent Living Center industries and was on this occasion in Pittsburgh for the 2018 National ADA Symposium.

12.    Additionally, Plaintiff himself is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on inspection of places of public

accommodation for ADA compliance and in that capacity has consulted for private clients in Western Pennsylvania.

13. During the Plaintiff's stay at the Omni William Penn Hotel as a bona fide customer on June 17-20, 2018, the Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination. However, until remedied, the dangerous architectural barriers located on Defendant's property will continue to deter Mr. Mortland from returning to its noncompliant place of public accommodations.

15. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

16. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

4

$500,000 or less).

17.   A preliminary inspection of the Omni William Penn Hotel, including its facilities, has

shown that many violations of the ADA exist.  These violations include, but are not

limited to:

Accessible Routes

A.   There is not an accessible route connecting all elements due to the presence of stairs
throughout the hotel, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

B.   The men's restroom lavatories lack required knee clearance, in violation of the ADA
whose remedy is readily achievable.

C.   The men's restroom mirrors are mounted so that their reflective surface is in excess of the
allowable height above the finish floor, in violation of the ADA whose remedy is readily
achievable.

D.   The men's restroom toilet seat is located below the required height, in violation of the
ADA whose remedy is readily achievable.

E.   The toilet compartment door is not self-closing in violation of the ADA whose remedy is
readily achievable.

F.   Upon information and belief, the women's restroom contains similar barriers to
accessibility, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

G.   There are stairways in the hotel that do not have compliant handrails on both sides, in
violation of the ADA whose remedy is readily achievable.

H.   There is no accessible route to access the William Penn Ballroom due to the presence of
steps, in violation of the ADA whose remedy is readily achievable.

William Penn Ballroom Restroom

I.   There is no latch-side clearance to exit the men's restroom, in violation of the ADA
whose remedy is readily achievable.

5

J.   There is a threshold at the entrance in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

K.   The men's restroom lavatory lacks required knee clearance, in violation of the ADA whose remedy is readily achievable.

L.   The men's restroom mirror is mounted in excess of allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

M.   The men's restroom toilet compartment door lacks door pulls on both sides and is not self-closing, in violation of the ADA whose remedy is readily achievable.

N.   The hook located in the men's restroom toilet compartment is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

O.   There is not the required clear floor space inside the men's restroom toilet compartment, in violation of the ADA whose remedy is readily achievable.

P.   The toilet seat is located below the required height in the men's restroom, in violation of the ADA whose remedy is readily achievable.

Q.   The men's restroom urinal is mounted above the allowable height and does not provide required clear floor space for a forward approach, in violation of the ADA whose remedy is readily achievable.

R.   Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.


Additional Public Restrooms

S.   The men's restroom door contains door hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

T.   There is not the required latch-side clearance to exit the men's restroom, in violation of the ADA whose remedy is readily achievable.

U.   The men's restroom lavatories lack required knee clearance, in violation of the ADA whose remedy is readily achievable.

V.   The men's restroom toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

W.   The hook inside the men's restroom toilet compartment door is mounted above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

X. There is not the required clear floor space inside the men's restroom toilet compartment, in violation of the ADA whose remedy is readily achievable.

Y. The men's restroom toilet compartment contains non-compliant grab bars, in violation of the ADA whose remedy is readily achievable.

Z. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Fitness Area Restroom

AA.     The lavatories in the men's restroom lacks required knee clearance, in violation of the ADA whose remedy is readily achievable.

BB.     The men's restroom mirrors are mounted in excess of allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

CC.     There are amenities in the men's restroom, including paper towels, located above the required reach range, in violation of the ADA whose remedy is readily achievable.

DD.     Towel hooks in the men's restroom are located above the required reach range, in violation of the ADA whose remedy is readily achievable.

EE.  The faucet controls in the men's restroom roll-in shower are not located as required, in violation of the ADA whose remedy is readily achievable.

FF. Grab bars inside the men's restroom shower compartment are not mounted as required, in violation of the ADA whose remedy is readily achievable.

GG.     The men's restroom shower spray unit is located above allowable reach range and the sprayer does not have a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

HH.     The men's restroom toilet seat is under the required height, in violation of the ADA whose remedy is readily achievable.

II.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Fitness Area

JJ.  There are amenities located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

The Tap Room

7

KK.      The restaurant does not provide 5% of accessible standing and seating dining surfaces, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom #1403

LL. The closet has double-leaf doors which individually do not comply with the width requirements of the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

MM.      There is insufficient latch-side clearance to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

NN.      The emergency exit and other instructions mounted on the guestroom door are mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

OO.      The chain lock on the guestroom door requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

PP. The grab bars around the water closet are noncompliant, in violation of the ADA whose remedy is readily achievable.

QQ.      There is insufficient clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

RR.      The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

SS. The roll-in shower does not meet dimension requirements, in violation of the ADA whose remedy is readily achievable.

TT. The roll-in shower faucet controls are not located on the back wall was adjacent the fixed shower seat as required, in violation of the ADA whose remedy is readily achievable.

UU.       The roll-in shower fixed shower seat does not have the required dimensions, and has dangerous slats on the surface which may injure or pinch body parts, in violation of the ADA whose remedy is readily achievable.

VV.      The grab bars located in the roll-in shower are not installed in the compliant locations, including a grab bar installed behind (in the back of) the permanent fixed shower seat, in violation of the ADA whose remedy is readily achievable.

WW.      The handheld shower sprayer is mounted above the allowable height and does not have a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

XX.      Faucet controls are located above the allowable reach range, in violation of the

ADA whose remedy is readily achievable.

YY.    There are bathroom and guestroom amenities located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

ZZ. The lavatory does not have compliant knee clearance, in violation of the ADA whose remedy is readily achievable.

AAA.    The shaving mirror is mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

BBB.    There is not sufficient maneuvering clearance to access all room amenities, in violation of the ADA whose remedy is readily achievable.

Accessible Guestrooms and Accommodations

CCC.    The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers deluxe rooms, premier rooms, executive suites, one bedroom superior suites and luxury suites. Each offers varying square footage and amenities. However, guests who require accessible accommodations are restricted to one room class, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is readily achievable.

DDD.    Upon information and belief the Omni William Penn has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 597 guestrooms as Omni William Penn, there must be a minimum of 2% of mobility accessible guestrooms without a roll-in shower and a minimum of 1% of mobility accessible guestrooms with a roll-in shower, totaling 3% of all guestrooms.

EEE.    Upon information and belief, Derek Mortland believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel. Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

Policies and Procedures

FFF.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

GGG.    The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of the hotel's high rise for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the

existing barriers to accessibility on the property and suffer additional risk in the event of an emergency.

HHH.     The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

18.     The discriminatory violations described in Paragraph 17 by Defendant **OMNI PITTSBURGH CORPORATION** are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19.     Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20.     The hotel at issue, as owned and operated by **OMNI PITTSBURGH CORPORATION**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

21. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

22. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

23. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to W. District of Pennsylvania