UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

**DEREK MORTLAND,**

        **Plaintiff,**

v.                                                  Case No. 2:18-cv-01067-JFC

**OMNI PITTSBURGH CORPORATION,**

        **Defendant.**

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE DEFENDANT OMNI PITTSBURGH CORPORATION TO DISMISS THE AMENDED COMPLAINT OF THE PLAINTIFF DEREK MORTLAND PURSUANT TO FED. R. CIV. P. 12(b)(1) FOR MOOTNESS AND LACK OF STANDING**

The defendant, Omni Pittsburgh Corporation ("Omni"), by counsel, submits the following memorandum in support of its motion for the Court to dismiss, without prejudice, the Amended Complaint of the Plaintiff, Derek Mortland, for lack of subject matter jurisdiction. Specifically, Omni maintains that the complete, indefinite closure of the William Penn Hotel (the public accommodation that is the subject of this suit under Title III of the Americans with Disabilities Act ("ADA")) has: (a) rendered Mortland's requested relief moot; and (b) removed Mortland's standing to maintain this action.

**I.     FACTS**

The attached statement submitted by Mr. Josh Heidenreich, the Vice-President of Omni Hotels Management Corporation, **Exhibit 1,** shows the following facts:

    1.     Due to the COVID-19 pandemic's impact on Omni's business, the Omni William Penn Hotel in Pittsburgh, Pennsylvania ("the Hotel") has been closed indefinitely since March 23, 2020. The Hotel has not been open for business since that date. The Omni has no current plans to open the Hotel. The Hotel remains closed indefinitely.

2.      The Hotel's closure is such that no member of the public is permitted to or is able to use the Hotel or any of the various amenities, services, restaurants, bars, or any other public accommodations on the premises of the Hotel.

3.      Since March 23, 2020, Omni has monitored the market for viability to re-open the Hotel. One factor in the re-opening analysis is the amount of future bookings at the Hotel. Accordingly, even though the Hotel is closed with no plans to re-open, Omni continues to accept future bookings at the Hotel to evaluate if and when the market will support the re-opening of the Hotel. As of the present, the market has not demonstrated viability for the Hotel's reopening. Accordingly, bookings continue to be cancelled, and the Hotel remains closed indefinitely.

## II.     ARGUMENT.

### A.     The Omni's shutting down the William Penn indefinitely has rendered Mortland's case moot.

Article III of the Constitution restricts the power of federal courts to Cases and Controversies. *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). "We may not decide questions that cannot affect the rights of litigants in the case before us." *Id.* at 172. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (internal quotations and citation omitted). *See also Knaak v. Wells Fargo Bank, N.A. (In re Knaak)*, 2020 U.S. App. LEXIS 30733, *7 (3rd Cir. September 28, 2020)(same). "The doctrine of mootness requires that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974)).

"A case may become moot if (1) the alleged violation has ceased, and there is no reasonable expectation that it will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Finberg v. Sullivan*, 658 F.2d 93, 97-

2

98 (3d Cir. 1980) (en banc) (footnote omitted) (internal quotation marks omitted). *See also Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968); *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)).

In the ADA Title III context, in *Kohler v. Southland Foods, Inc.*, 459 F. A'ppx 617, 618 (9th Cir. 2011), the Ninth Circuit affirmed the district court's grant of summary judgment to defendants because the plaintiff's claim for prospective injunctive relief under the ADA became moot once the restaurant at issue ceased operation. *Id.* at 618. Here, the William Penn is now completely closed, has ceased operations, with no plans to reopen. Because the only remedy Mortland seeks under Title III is injunctive relief, the permanent closure of the William Penn renders that prospective relief moot. 42 U.S.C. § 12188; *Kohler*, 459 F. App'x at 618; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."); *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) ("A request for injunctive relief remains live only so long as there is some present harm left to enjoin.") (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502, 312 U.S. App. D.C. 427 (D.C. Cir. 1995)) (internal quotation marks omitted). *See also Rivera v. Crema Coffee Co. LLC*, 438 F. Supp. 3d 1068, 1073-1074 (N.D. Ca. February 7, 2020)(dismissing Title III ADA claim as moot when structure at issue "permanently closed with no plans to reopen").

Several other courts faced with an ADA Title III claim against a defendant who has closed or become non-operational have dismissed the ADA claims as moot. *See, e.g., Johnson v. Baird Lands, Inc.*, 2020 U.S. Dist. LEXIS 35719, *10, 2020 WL 978629 (N.D. Ca. February 28,

3

2020)(dismissing an ADA Title III case as moot when, *inter alia*, the restaurant with violations was closed to the public and had ceased operations). *See also Crochet v. Cal. Coll. of the Arts*, 2020 U.S. Dist. LEXIS 62824 (N.D. Ca. April 9, 2020)(student's ADA claim related to student shuttle access mooted when shuttle shut down by the COVID pandemic indefinitely with no fixed restart date). *Johnson v. 162 Los Gatos-Saratoga Rd., LLC*, 2019 U.S. Dist. LEXIS 111810 (N.D. Ca. 2019)(ADA Title III claim mooted when operations at the building ceased completely and building was "gutted"); *Elguezabal v. Palmetto Plaza 1 LLC*, 2018 U.S. Dist. LEXIS 227847, *4 (C.D. Ca. 2018)("Courts have specifically found ADA cases to be moot where defendant place of public accommodation has closed with no plans to reopen."); *Martinez v. Del Taco*, 2006 U.S. Dist. LEXIS 5563, *3 (E.D. Ca. 2006) ("Having ceased operations, defendants are not required to make structural changes to a site that no longer accommodates the public. Plaintiff's ADA claim will therefore be dismissed.").

      Here, Omni has closed the William Penn and has no plans to reopen it. It has been shut down "indefinitely" and there is no "fixed date" to reopen to the public. Since the William Penn shut down on March 23, 2020, the public has not been admitted to the hotel; nor is the hotel open for the public to patronize. Because Mortland, as part of the public, is barred by the William Penn's closure from enjoying the hotel's amenities, "there is [no] present harm left to enjoin." It can be no clearer that Mortland's case for injunctive relief against the Omni has become moot.

      **B.**    **The Omni's shutting down the William Penn indefinitely compels the conclusion that Mortland lacks standing to proceed with this suit.**

      With the William Penn shut down, it is impossible for Mortland to return to the hotel and use its amenities as a public accommodation. Yet, Mortland's plans to return to the hotel are an integral element to his having standing to pursue this claim.

This court has previously recognized three independent bases on which Mortland can base standing in this ADA Tile III case: (1) the intent-to-return test; (2) the deterrent effect doctrine; and (3) "tester" standing.

Just two months ago, in *Murphy v. Bob Cochran Motors, Inc.*, 2020 U.S. Dist. LEXIS 139887, *10-11 (W.D. Pa. August 4, 2020), this Court reviewed the requirement that an ADA Title III plaintiff have an intent to return to the public accommodation at issue, under both the intent-to-return and the deterrent effect standing tests.

> To assert a claim of disability discrimination under Title III, a plaintiff must allege[:] (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator. Private plaintiffs . . . are not entitled to obtain monetary damages under Title III of the ADA; instead, only prospective injunctive relief is available. ***To establish standing in an action for injunctive relief, a plaintiff must show that he or she is likely to suffer future injury from the defendant's illegal conduct.*** Thus, past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by continuing, present adverse effects. Murphy can meet his burden of showing an imminent or future injury through one of two methods: the intent to return method or the deterrent effect doctrine.

*Id.* (emphasis added)(internal citations and quotations omitted).

The intent-to-return test, by its very definition, requires Mortland to show that he has the intent to return to the Omni. Likewise, the deterrent effect doctrine "requires [Mortland] to allege a reasonable likelihood that he . . . would use the public accommodation if it were not for the discrimination." *Id.,* at *14. It seems clear, as a matter of law, that since the Omni is currently shut down with nothing but a remote, speculative expectation that it *may* open *sometime* in the future, Mortland cannot establish standing under either of these two tests because it is legally impossible to have an intent to return to use the facilities of a closed hotel.

Likewise, to establish "tester" standing, Mortland needs to have a legitimate expectation that he will return to the Omni. This Court has recognized that "testers have standing to sue . . . under Title III of the ADA [because] Title III provides remedies for any person subjected to illegal disability discrimination." *See Heinzl v. Cracker Barrel Old Country Stores, Inc.,* 2016 U.S. Dist. LEXIS 58153, *65 (W.D. Pa. 2016).

> However, the fact that tester standing exists under Title III does not displace the general requirements of standing. Like any plaintiff, a tester must demonstrate that she has indeed suffered a cognizable injury in fact ***that will be redressed by the relief sought***.

*Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014)(internal citations and quotes omitted)(emphasis added).

If Mortland, seeking standing as a tester, suffered an injury-in-fact due to his visit to the William Penn, for which injury he seeks injunctive relief so that he may frequent the William Penn in the future, that relief will not redress Mortland's injury because the William Penn will no longer be open for him to patronize.

To conclude, every standing theory that would allow Mortland to proceed with his case requires that Mortland have a concrete, particularized intent to patronize the William Penn in the future. It is legally impossible for him to form that intent if the William Penn is closed indefinitely. Therefore, while generally "Article III standing is determined as of the time a complaint is filed[,]" *Heinzl*, 2016 U.S. Dist. LEXIS 58153 at *52, in this case it has become a legal impossibility for the relief Mortland seeks to redress his claimed injury in fact. Mortland has no standing to seek ADA modifications to a closed hotel, as a closed hotel has ceased to become a "public accommodation." The Court must, therefore, dismiss his case for lack of standing.

**III.     CONCLUSION AND RELIEF SOUGHT**

Effective March 23, 2020, Omni has closed the William Penn Hotel to the public. The public is barred from accessing the William Penn, and Omni currently has no plans to reopen the hotel. In other words, the William Penn has ceased to be a public accommodation. Therefore, Mortland's suit has become moot, and Mortland, who can have no plans to revisit a closed hotel, has lost standing to maintain this action. Mootness and lack of standing are each adequate and independent grounds for dismissing this case, and Omni moves for that relief.

**OMNI PITTSBURGH CORPORATION**

/s/ Matthew M. Cianflone
Matthew M. Cianflone, Esq. #309468
Flynn Wirkus Young, P.C.
400 Crown Colony Drive Suite 601
Quincy, MA 02169
mcianflone@flynnwirkus.com
(617) 773-5500: Telephone
(617) 773-5510: Facsimile
*Counsel for Defendant*


/s/ Michael L. Donner, Sr.
C. Stephen Setliff, Esq.
Michael L. Donner, Sr., Esq.
Setliff Law, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060
(804) 377-1260 (main number)
(804) 377-1280 (facsimile)
mdonner@setlifflaw.com
*Counsel for Defendant Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

      I certify that on October 20, 2020, I filed the forgoing pleading using the Court's ECF system, which caused a NEF to be served by email on all counsel of record, including counsel for the plaintiff.

/s/ Matthew M. Cianflone