IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEREK MORTLAND** *individually,* | ) CIVIL ACTION NO. 18-1067 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **OMNI PITTSBURGH CORPORATION** *a Delaware corporation for profit,* | ) |
| Defendant. | ) |

## **OPINION**

Pending before the court is a motion filed by defendant Omni Pittsburgh Corporation ("Omni") to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for mootness and lack of standing (ECF No. 107). Plaintiff Derek Mortland ("Mortland") filed a response in opposition (ECF No. 114), and the motion is ripe for disposition.

Factual and Procedural Background

In this case, Mortland seeks permanent injunctive relief under Title III of the Americans With Disabilities Act ("ADA"). Mortland, who is paralyzed and uses a wheelchair, alleges that the William Penn Hotel ("William Penn" or the "hotel") in downtown Pittsburgh, Pennsylvania contains numerous architectural barriers which restrict his access, in violation of the ADA. *See generally*, Amended Complaint (ECF No. 22). Mortland pleaded numerous facts in the amended

1

complaint about his frequent visits to Pittsburgh in the past and his desire to visit the William Penn in the future.  Amended Complaint ¶ 14.

On March 23, 2020, the William Penn hotel was indefinitely closed.  As of the date of this opinion, the hotel remains closed.  Pursuant to the October 16, 2020 declaration of Josh Heidenreich, Vice President of Operations for Omni Hotels Management Corporation, there are no current plans to reopen the hotel.  Omni, however, "continues to accept future bookings at the Hotel to evaluate if and when the market will support the reopening of the Hotel."  (ECF No. 108).

There have been extensive proceedings in this litigation.  Multiple mediation efforts have been unsuccessful.  Fact discovery and expert discovery were completed.  On February 28, 2020, both parties filed motions for summary judgment.  Omni raised Covid-19 as a defense to Mortland's summary judgment motion.  On May 14, 2020, the court conducted a telephonic status conference, at which counsel for both parties agreed that the Covid-19 pandemic represented an extraordinary circumstance that required the reopening of discovery.  The court, therefore, denied the pending summary judgment motions without prejudice.

On May 29, 2020, after another status conference, the court ordered supplemental financial discovery and a Rule 30(b)(6) deposition of the person knowledgeable about financial projections and plans to reopen.  After another mediation effort was unsuccessful, Omni filed the pending motion.

Discussion

Omni argues that the indefinite closure of the William Penn renders this case moot. Omni cites decisions holding that an ADA claim becomes moot when a location **permanently** ceases operations.  *See, e.g.,* ECF No. 107-1 at 3 (citing *Kohler v. Southland Foods, Inc.,* 459 F.

App'x 617, 618 (9th Cir. 2011) (claims for prospective injunctive relief under ADA became moot once the restaurant ceased operation)) (emphasis added).  Omni argues, in the alternative, that the closure of the William Penn deprives Mortland of standing.  Mortland, in response, contends that: (1) the record reflects Omni's intent to reopen the William Penn as soon as business conditions permit; and (2) nothing has changed about his frequent travel to Pittsburgh, even during the pandemic, or his intent to stay at the William Penn when it reopens.

  A. Mootness

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies."  There must be an actual controversy at all stages of review, not merely at the time the complaint is filed.  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).  "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

To become moot, it must be "impossible for a court to grant any effectual relief." *Knox v. Serv. Employees*, 567 U.S. 298 (2012); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–699 (3d Cir. 1996) ("If developments occur during the course of adjudication that ... prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").  Where a party maintains "a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 171 (2013); *accord In re Knaak*, 825 F. App'x 83, 86 (3d Cir. 2020) (a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.")(quoting *Chafin*).

The Covid-19 pandemic certainly affected the current operations of the William Penn. The issues raised in this lawsuit are not permanently resolved, however.  There is no practical or

legal impediment to the hotel reopening. Omni continues to accept bookings at the William Penn. Mortland points to deposition testimony that insurance deductibles, leases, real estate taxes, repairs, maintenance and labor expenses continue to be paid (ECF No. 117, filed under seal). The continued closure is a financial decision made by Omni. Other hotels in Pittsburgh and around the country are open. There is a reasonable expectation that the William Penn will reopen at some point, as well. Given the nature of the architectural barriers alleged in the amended complaint, when the William Penn reopens the alleged violations of the ADA will necessarily resume. Omni did not provide any evidence that the alleged accessibility barriers were corrected or eliminated.[1] The controversy remains alive. In sum, this case is not moot.

    B.    Standing

As Omni recognizes, there are three theories under which Mortland may establish standing to pursue his ADA claim: the intent-to-return, deterrent effect, and tester-standing theories. These theories were recently summarized in *Murphy v. Bob Cochran Motors, Inc*., No. 1:19-CV-00239, 2020 WL 6731130 (W.D. Pa. Aug. 4, 2020), report and recommendation adopted, No. 1:19-CV-239-SPB, 2020 WL 5757200 (W.D. Pa. Sept. 28, 2020).

To apply the "intent to return" test, the court evaluates four factors—not all of which must be present in every case, and none of which is dispositive: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage of the public accommodation; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel. *Id.* at *5 (citations omitted).

---

[1] Regardless of the legal merit of the claims in this case, the shutdown would appear to be an opportune time – if finances permit -- to address some or all of the accessibility issues identified by Mortland.

To satisfy the "deterrent effect" test, a plaintiff must allege that he has: (1) actual knowledge of barriers that prevent equal access; (2) a reasonable likelihood that he would use the public accommodation if it were not for the discrimination; and (3) an intent to return to the place of alleged discrimination. *Id.* at *6 (citations omitted).

A "tester" is an individual who, without actual intent to avail themselves of the goods or services of a public accommodation, nonetheless poses as a purchaser to collect evidence of unlawful practices. *Id.* This court has determined that testers have standing to pursue ADA Title III claims. *Id.* (quoting *Heinzl v. Cracker Barrel Old Country Stores, Inc.*, No. CV 14-1455, 2016 WL 2347367, at *1 (W.D. Pa. Jan. 27, 2016), report and recommendation adopted as modified sub nom. *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-CV-1455, 2016 WL 1761963 (W.D. Pa. Apr. 29, 2016) ("[G]iven the remedial purposes of Title III and the role assigned by Congress to private enforcement of its provisions, the benefit of the doubt as to standing should be accorded even to the 'tester' plaintiff.")).

Omni does not challenge the specific application of any of these tests. Instead, Omni contends that the closure of the William Penn undermines Mortland's standing because "it is legally impossible to have an intent to return to use the facilities of a closed hotel." (ECF No. 107-1 at 5). The court disagrees. As with its mootness argument, Omni conflates the temporary closure caused by the Covid-19 pandemic with a permanent closure, such as going out of business. It is entirely possible for a person to possess an intent to patronize a hotel that is temporarily closed for repairs, or has no vacancy. In this case, as in *Murphy*, Mortland sufficiently alleged standing under all three tests. The temporary closure of the William Penn does not deprive him of standing.

Conclusion

The record reflects that the William Penn did not cease operations entirely and is expected to reopen at some point in time. Mortland avers that he intends to patronize the William Penn when it reopens. Omni presented no contrary evidence. The alleged violations of the ADA remain in dispute. Omni's motion to dismiss this case for mootness or lack of standing will, therefore, be denied.

The court, however, would be willing to consider a stay of this case. At the May 29, 2020 status conference, the court notified the parties that it would set a schedule for renewed summary judgment briefing if the mediation was unsuccessful. The parties agree that the economic impact of the pandemic on Omni's ability to make repairs may affect the summary judgment motions. The court authorized one supplementation of discovery. Given the length of the shutdown, a further supplementation may be necessary. Pursuant to Federal Rule of Civil Procedure 1, it may be prudent to wait until the date of reopening is known prior to engaging in further discovery and summary judgment briefing. Counsel shall meet and confer regarding this topic and on or before January 19, 2021, shall either: (1) file an appropriate motion to stay; or (2) advise the court of the proposed next steps in this litigation.

An appropriate order will be entered.

Dated:  January 12, 2021

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge